1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    ALVIN DALTON,                              Case No.  23-cv-01598-JSW

                     Plaintiff,
8
                                                **ORDER OF DISMISSAL WITH LEAVE**
9            v.                                 **TO AMEND**

10   M. VOTARI,

11                   Defendant.

12                                     **INTRODUCTION**

13          Plaintiff, a California parolee proceeding pro se, filed a civil rights complaint under 42

14   U.S.C. § 1983.  He is granted leave to proceed in forma pauperis in a separate order.  For the

15   reasons discussed below, the complaint is DISMISSED with leave to amend.

16                                       **ANALYSIS**

17   **A.     STANDARD OF REVIEW**

18          Federal courts must engage in a preliminary screening of cases in which prisoners seek

19   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

20   1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

21   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

22   monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

23   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

24   Cir. 1990).

25          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

26   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

27   statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

28   which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

United States District Court
Northern District of California

1   in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

2   obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

3   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

4   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

5   *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

6   must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

7   **B.    LEGAL CLAIMS**

8           Plaintiff alleges that he suffers from a bronchial condition and his cellmate smokes five

9   cigarettes a day.  Smoking, according to Plaintiff, is against prison rules, but unnamed correctional

10  officials do not enforce these rules.  As a result, Plaintiff is exposed to his cellmate's smoke,

11  which is detrimental to his health.  He requested (presumably in an administrative grievance) to be

12  granted single-cell status, but Defendant, who works in the "Health Care Correspondence and

13  Appeals Branch" of California Correctional Health Care Services, denied his request.  He claims

14  for a single cell.  He alleges that his exposure to secondhand smoke with his bronchial condition

15  constitutes cruel and unusual punishment.

16          The failure of prison officials to protect inmates from attacks from dangerous conditions at

17  the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation

18  alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately

19  indifferent to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  A prison

20  official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health

21  or safety by failing to take reasonable steps to abate it.  *Id.* at 837.  Liability may be imposed on an

22  individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions

23  both actually and proximately caused the deprivation of a federally protected right.  *Lemire v. Cal.*

24  *Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).

25          To whatever extent Plaintiff's alleged exposure to secondhand smoke constitutes a

26  sufficiently unsafe condition to qualify as a serious deprivation within the meaning of the Eighth

27  Amendment, his allegations make clear that Defendant's denying him single-cell status did not

28  constitute deliberate indifference to his safety or proximately cause him to be exposed to

United States District Court
Northern District of California

2

secondhand smoke. Plaintiff's allegations make clear that prison rules prohibit smoking, and the only reason that his cellmate smokes is that correctional officers (whom he does not sue) do not enforce those rules. Defendant works in the healthcare services division of the prison system and as such does not plausibly have any say in enforcing prison rules against smoking, disciplining inmates who smoke, or ensuring that the prison facilities where Plaintiff resides remain smoke-free. Plaintiff's medical condition plausibly warrants a smoke-free environment, but not necessarily a single cell. He could safely have a cellmate who does not smoke, or, better yet, officials could enforce the nonsmoking rules. There are no allegations that plausibly indicate either of these two remedies were not possible, let alone that Defendant knew, when denying the request for a single cell, that correctional officials would not enforce the rules against smoking or that Plaintiff could not be assigned a cellmate who does not smoke. Plaintiff's quarrel, in other words, is with the officials who do not enforce the non-smoking rules, not with Defendant. As Plaintiff's allegations indicate that Defendant was not deliberately indifferent to his safety and did not proximately cause him to suffer in unsafe conditions, the claims against him will be dismissed.

Plaintiff is granted leave to amend his complaint to sue those who were deliberately indifferent to his need to avoid secondhand smoke and who proximately caused him to remain exposed to it.

## CONCLUSION

1. The complaint is DISMISSED with leave to amend.

2. Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 23-1538 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

United States District Court
Northern District of California

informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      **IT IS SO ORDERED.**

Dated: August 18, 2023

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California